Turly, J.
delivered the opinion of the court.
Upon this case three questions arise for consideration.
1. Did the court below err in permitting a copy of the record of the judgment in favor of Whyte against Eubanks to be read? We are of opinion it did not. It is true, there is a variance in the amount of the judgment set forth .in the pleadings, and that shown by the record, which would have been fatal, if the record had been the foundation of the suit, and to which the plea of nul tiel record could have been pleaded, but in this case, the bond of indemnity is the foundation of the suit. Indemnification or no indemnification is the question in dispute, to which the judgment is mere matter of inducement, and only important, so far as the amount is concerned, in fixing the damages to be assessed.
When matter of fact is the foundation of an action, and matter of record inducement thereto, it has always been held that a slight variance in the description of the record is not fatal, as in actions for malicious prosecutions, actions against sheriffs for escapes, and for not executing process.
2. Has Eubanks been damnified? It is contended that he has not, because he did not himself pay and satisfy the judgment, but the same was done by his appearance bail. We *23 are of opinion, that the bond of indemnity was forfeited, as • 1 1 , . V, , , . , soon as a judgment was rendered against Jiubanks, and plaintiff in error failed upon notice thereof, to secure him from responsibility thereon, by paying the-same; and moreover, if it was necessary for him to have paid the judgment before he could claim to have been indemnified; that a payment of it, by his bail was equivalent to a payment of it by himself.
3. Are the pleadings in such a situation as to support the verdict and judgment, which have been rendered in the court below?
The ancient practice upon bonds of this character was to declare upon the penalty without noticing the condition, and assign as a breach the non-payment of the money. This made it necessary for the defendant to set forth by oyer the bond and condition, and plead generally, that the plaintiff had not been damnified, which being a new state of the case, the plea, of course, had to conclude with a verification. The plaintiff then filed a replication in which he was compelled to show specially how he had been damnified, which being new matter had to conclude with a verification. The rejoinder denied the replication and concluded to the country. But the modern and better practice is, that pursued in the declaration in this case, to set forth the condition of the bond, and assign the breach specially in the declaration, to which the plea in substance is, that the plaintiff has not been dam-nified in manner and form as he, in declaring, had alleged, and of this he puts himself upon the country; the issue, thus, being made at once. This was the proper course to have pursued in this case, instead of running the pleadings to a replication, concluding with a verification.
This state of the pleadings, at first, induced the court to be of opinion, that there was no issue, inasmuch as the word “rejoinder” could not of itself make one; but upon further reflection, we have altered that opinion, for although the pleadings have been extended further than was necessary, yet as the case stands, they are not erroneous. If the rejoinder had been drawn out, denying the replication, and concluding to the country, the preceding defects would have been cured, and an issue tendered, a verdict upon which, would have been *24 good without a similiter. And, therefore, much as we dislike such loose pleading, we are compelled to say, that inasmuch as the plaintiffs in error have elected to consider the word “rejoinder,” as a rejoinder, instead of insisting upon one in form, they must submit to have it so construed as to sustain the verdict, and this, in order to prevent their taking advantage of their own wrong; therefore, let the judgment be affirmed.
Judgment affirmed.